# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Christopher Vargas,<br><br>   Plaintiff,<br><br>v.<br><br>Velo Legal Services, PLC,<br><br>   Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), by Defendant Velo Legal Services, PLC, and its agents and employees in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred in Montcalm and Ionia Counties, Plaintiff resides in Ionia County, and Defendant transacts business in Montcalm and Ionia Counties.

## PARTIES

4.    Plaintiff Christopher Vargas ("Mr. Vargas") is a natural person who resides in the County of Ionia, State of Michigan,

5.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.    Plaintiff is a "debtor" as the term is defined by M.C.L. § 445.251(d).

7.    Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251(d).

8.    Defendant Velo Legal Services, PLC ("Velo"), is a professional domestic limited liability company.

9.    Defendant Velo conducts business under one or more assumed names, including, but not limited to VELO LAW OFFICE.

10. Defendant Velo uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

11. Defedant Velo regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Defendant Velo is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant Velo and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

14. The Sixth Circuit has held that the FDCPA does not allow debt collectors to use litigation as a vehicle for abusive and unfair practices that are otherwise illegal under the FDCPA. *Stratton v Portfolio Recovery Assocs, LLC*, 770 F3d 443, 451 (6th Cir. 2014).

15. Debt collectors are prohibited from making false, misleading, or deceptive statements to consumers.

16. At some point prior to December 31, 2014, Plaintiff incurred a financial obligation that was primarily for personal, family

or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5); Plaintiff incurred a debt for professional services rendered by Sheridan Community Hospital ("the Debt").

17.    Sometime prior to January 1, 2016, Plaintiff defaulted on the Debt.

18.    Sometime after Plaintiff's default, the debt was consigned, placed, assigned, or otherwise transferred to Defendant Velo for collection from Plaintiff.

19.    At all relevant times, Defendant Velo acted on behalf of Sheridan Community Hospital in pursuit of collecting the Debt.

20.    Defendant, on behalf of its client, filed a civil lawsuit in the 64-B Judicial District Court on or about April 25, 2016 (the "64-B Suit").

21.    In the 64-B Suit, Defendant attached an exhibit purportedly from Sheridan Community Hospital (attached hereto as Exhibit A). Defendant also filed a document with an "AFFIDAVIT OF ACCOUNT" and "DISCLOSURES AND

NOTICES" with the 64-B Suit (attached hereto as Exhibit B).

22. Exhibit A was not created by Sheridan Community Hospital.

23. Exhibit A was created by Defendant.

24. Exhibit A indicates that services were rendered on 08/27/2012.

25. Exhibit A indicates "Total Principle [sic] Due: 1033.48"

26. Exhibit A states "**TOTAL:$1033.48**" and "**Total Due: 1033.62.**"

27. Having a "**TOTAL:$1033.48**" and "**Total Due: 1033.62**" is likely to confuse or mislead the least sophisticated consumer.

28. In the 64-B Suit, Defendant pleaded that its client "is entitled to interest pursuant to MCL 438.31 from the date the principal sum became due…."

29. In the 64-B Suit, Defendant pleaded that its client was "…currently owed $1,033.48 plus interest of $0.14…." from Mr. Vargas.

30. In the 64-B Suit, Exhibit B was served upon Plaintiff.

31. Exhibit B is contained an unsigned Affidavit of Account.

32. Exhibit B states "**THAT** the account has due and owing the amount of $1,033.48 plus interest of $0.14 from Christopher R Vargas."

33. Defendant's statement in the paragraph 31 is false, deceptive, or misleading.

34. Exhibit A indicates that "Total Interest Due" was "0.14."

35. Defendant Velo requested interest pursuant to MCL § 438.31.

36. MCL § 438.31 did not permit Defendant Velo to request interest.

37. Plaintiff did not agree to pay interest to Sheridan Community Hospital.

38. Neither Defendant nor the original creditor had requested interest from Plaintiff prior to the 64-B Suit.

39. No contract exists between Plaintiff and Sheridan Community Hospital allowing Sheridan Community Hospital to charge interest.

40. Plaintiff's Answer was filed within 30 days of his receipt of the Summons and Complaint in the 64-B Suit. Plaintiff's Answer disputed the debt and denied owing it.

41. A hearing for the 64-B Suit was held on July 12, 2016.

42. At the hearing, Defendant was questioned by the Judge regarding the claim for interest. Defendant indicated that it was "not sure" about the claim for interest, or words to that effect.

43. At the hearing on July 12, 2106, Defendant indicated that it would not seek interest in its 64-B Suit.

44. Defendant Velo provided documentation related to the 64-B Suit to Plaintiff on July 12, 2016. This documentation contained, among other papers, two "PATIENT ACCOUNT DETAIL" reports dated June 15, 2016; a document entitled "SHERIDAN COMMUNITY HOSPITAL CONSENT TO TREATMENT" dated June 17, 2014; and a document entitled "SHERIDAN COMMUNITY HOSPITAL CONSENT TO TREATMENT" dated August 27, 2012. None

of these documents indicated that Plaintiff would or could be charged interest.

45.   On or about July 26, 2016, Defendant Velo filed a Motion for Summary Disposition in the 64-B Suit.

46.   Defendant Velo's Motion for Summary Disposition requested a Judgment "in the amount of $1033.48, plus interest, court costs, and the statutory attorney fees…."

47.   Defendant Velo's Motion for Summary Disposition asserted that the Velo's client "entered into an agreement with [Plaintiff] to provide medical services on 08/27/2012 and 06/17/2014."

48.   Defendant Velo's Motion for Summary Disposition asserted that "[p]ursuant to the terms and conditions of the agreement, [Plaintiff] was to pay the balance in full or maintain prearranged monthly payments."

49.   There is no agreement between the 64-B Suit parties where Plaintiff "was to pay the balance in full or maintain prearranged monthly payments."

50.   Defendant Velo's statement that "[p]ursuant to the terms and conditions of the agreement, [Plaintiff] was to pay the balance in full or maintain prearranged monthly payments" was false, misleading, or deceptive.

51.   Defendant Velo had no communication with Plaintiff prior to the filing of the 64-B Suit.

52.   Defendant is required by 15 U.S.C. § 1692g(a)(1)-(5) to provide Plaintiff with certain notices during the initial communication, or within five days thereafter.

53.   Defendant did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(2)-(5) to Plaintiff during the initial communication, or within five days thereafter.

54.   In the alternative, if the 64-B Suit's Complaint, as served on Plaintiff does constitute an initial communication under the FDCPA, the notices required by 15 U.S.C. § 1692g(a)(2)-(5) were overshadowed because the section titled "**Validation**" states that the Plaintiff had 30 days to dispute the "validity of the debt or any portion thereof" which could lead Plaintiff or the least sophisticated consumer to default on the 64-B Suit.

55.   Defendant's validation notice could confuse the least sophisticated consumer into defaulting on the state court lawsuit by causing a belief that the debtor had 30 days from receipt of the notice to dispute the debt.

56.   After Plaintiff disputed the debt in writing within 30 days of receiving the 64-B Summons and Complaint, by filing his Answer, Defendant was required, under 15 U.S.C. § 1692g(b) to "cease collection of the debt … until the debt collector obtains verification of the debt" and mails it to the consumer.

57.   Defendant never mailed verification of the debt to the Plaintiff.

58.   Defendant violated 15 U.S.C. § 1692g(b) by continuing its collection activities prior to obtaining verification of the debt and mailing the same to the Plaintiff.

59.   Plaintiff has suffered an injury in fact traceable to Defendant Velo's conduct that is likely to be redressed by a favorable decision in this matter.

60.   As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual

damages in the form of time and expenses associated with travel to meet with legal counsel, lost productivity, emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

61.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

62.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.   The foregoing acts and omissions of Defendant Velo and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

64.   Defendant Velo violated 15 U.S.C. § 1692d.

65.   Defendant Velo violated 15 U.S.C. § 1692e.

66.   Defendant violated 15 U.S.C. § 1692e(2)(A).

67.   Defendant violated 15 U.S.C. § 1692e(5).

68.   Defendant violated 15 U.S.C. § 1692e(10).

69.   Defendant violated 15 U.S.C. § 1692f.

70.   Defendant violated 15 U.S.C. § 1692f(1).

71.   Defendant Velo failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(3), during the initial communication, or within five days thereafter.

72.   Defendant Velo failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(4), during the initial communication, or within five days thereafter.

73.   Defendant Velo failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(5), during the initial communication, or within five days thereafter.

74.   If Defendant did comply with the requirements of 15 U.S.C. § 1692g(a), then Defendant violated 15 U.S.C. § 1692g(b) by continuing its collection activities prior to mailing verification of the debt to the Plaintiff.

75. As a result of Defendant Velo's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Velo.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of Defendant Velo and its agents constitute numerous and multiple violations of the MCPA.

78. Defendant violated M.C.L. § 445.252(a).

79. Defendant violated M.C.L. § 445.252(e).

80. Defendant violated M.C.L. § 445.252(n).

81. Defendant violated M.C.L. § 445.252(q).

82. As a result of Defendant Velo's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00

pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Velo and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Velo and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Velo and for Plaintiff.

**COUNT II.
VIOLATIONS OF THE
MICHIGAN COLLECTION PRACTICES ACT
M.C.L. § 445.251 *et seq*.**

- for damages pursuant to M.C.L. § 445.257(2) against Defendant Velo and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant Velo and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Velo and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: March 31, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com
